Steven A. Nielsen, Esq., CSB #133864
Sara B. Allman, Esq., CSB #107932
**ALLMAN & NIELSEN**
A Professional Corporation
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939-1743
Telephone:   (415) 461-2700
Facsimile:   (415) 461-2726
Email:   Steve@NielsenPatents.com

Attorneys for Plaintiff
SHOOM, INC.

ORIGINAL
FILED E-Filing

05 AUG 24  PM 12: 56

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 05 3434 EMC

SHOOM, INC.

       Plaintiff,

vs.

ELECTRONIC IMAGING SYSTEMS
OF AMERICA, INC., and JOHN METSIG, AN
INDIVIDUAL

       Defendants.

Case No.:

**PATENT**

**COMPLAINT FOR DECLARATORY JUDGEMENT AND DAMAGES:**

**1ST CAUSE OF ACTION:** For Declaratory Judgment of Non-Infringement of Patent (Declaratory Judgment Act, 28 U.S.C. § 2201)

**2nd CAUSEOF ACTON:** For Declaratory Judgment of Invalidity of Patent (35 U.S.C. § 101,102,103,112)

**3rd CAUSE OF ACTION:** For False and Misleading Statements and Unfair Competition in Violation of California Business and Professions Code § 17200, *et seq.*

**4TH CAUSE OF ACTION:** For False Patent Marking (35 U.S.C. 292)

**DEMAND FOR JURY TRIAL**

-1-

COMPLAINT FOR DECLARATORY JUDGEMENT AND DAMAGES

Plaintiff, Shoom, Inc., ("Shoom, Inc.") is a Delaware corporation and complains of defendants Electronic Imaging Systems, ("eISA") an Illinois corporation and John Metsig an individual and alleges as follows:

**General Allegations:**

1.    This is an action seeking a declaratory judgment to establish that a utility patent (U.S. Patent 6,505,173 or the "'173 Patent") owned by plaintiff eISA is not infringed by the plaintiff. This action also seeks a declaratory judgment to establish the invalidity of the '173 Patent and monetary damages for Unfair Business Practices and False Patent Marking.

2.    Defendants are currently marketing the '173 Patent by means to suggest that the plaintiff's methods of business infringe upon the '173 patent.

3.    Plaintiff does not infringe upon the '173 Patent.

4.    The '173 Patent is invalid as the '173 fails to enable one skilled in the art to produce the method or apparatus described in the '173 Patent.

5.    The '173 Patent is invalid due to prior art.

6.    Defendants have engaged in Unfair Business Practices and Unfair Competition by engaging in the acts alleged above and by falsely representing the merits or elements of the '173 Patent, by *inter alia*, publishing marketing brochures, such as Exhibit 1 attached hereto, that boast an "Insert Order" component when no such component is disclosed in the '173 Patent.

7.    Defendants have falsely marked their AD/STAT System with the label "U.S. Patent Number 6,505,173" as shown on Exhibit 1 attached hereto.

8.    Plaintiffs' AD/STAT System is an unpatented article and is not a method or process disclosed in the '173 Patent.

9.    The '173 Patent is attached hereto as Exhibit 2 and does not disclose an Insert Order component as shown in the AD/STAT System advertising of Exhibit 1.

-2-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

COMPLAINT FOR DECLARATORY JUDGEMENT AND DAMAGES

10.    Plaintiff is in the business of producing invoices on behalf of newspapers.

11.    Newspapers publish advertisements for advertisers.

12.    In order to receive payment, a newspaper will hire Shoom, Inc. to produce an invoice to be submitted to an advertiser. Such an invoice may be electronic in nature, and have means of displaying copies of published advisements as well as other information such as past payments, discounts applied, account adjustments and a myriad of other data.

13.    Shoom, Inc. has spent considerable time and effort producing a working invoice production system.

14.    Plaintiff's system of invoice production has been in use for over 5 years and is utilized by numerous newspapers.

15.    Both newspapers and advertisers are able to view invoices and published advertisements through plaintiff's web portal at www.shoom.com.

16.    Plaintiff is informed and believes that the defendants have no working system of invoice production.

17.    The '173 Patent does not provide  means for creating a system of invoice production.

**JURISDICTION AND VENUE:**

18.    Pursuant to 28 U.S.C. § 1338 (a), the district courts of the United States have original jurisdiction of any civil action arising under the U.S. patent laws. Pursuant to 28 U.S.C. § 1338 (b), the district courts of the United States have original jurisdiction "…of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the … patent… laws".

19.    Requiring defendants to respond to this action will not violate due process.

-3-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA  94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

COMPLAINT FOR DECLARATORY JUDGEMENT AND
DAMAGES

20.      Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the California long-arm statute, Cal. Civ. Proc. Code section 413.10 and Fed.R.Civ.P.4(e).

21.      Under 28 U.S.C. § 1391 (b) 2, venue is proper as the defendants have approached newspapers in the San Francisco area and have directly or indirectly communicated to such newspapers that the '173 Patent is infringed upon by plaintiff.

22.      Defendants have also distributed their misleading brochure, Exhibit 1 hereto, in the San Francisco area.

23.      Based upon information and belief, plaintiff contends that the defendants have approached and have attempted to mislead the following local newspapers who are current customers of plaintiff: the Oakland Tribune, the Fremont Argus, the Hayward Daily Review, The Santa Rosa Press Democrat, and the Marin Independent Journal.

**INTRADISTRICT ASSIGNMENT:**

24.      Pursuant to Civil Local Rule 3-2(c), assignment to the San Francisco Division of the U.S. District Court for the Northern District of California is appropriate in that a substantial part of the events and damages giving rise to this action occurred in the City and County of San Francisco.

25.      . Defendants have contacted and have attempted to mislead several newspapers within the San Francisco area causing damage to plaintiff's marketing efforts.

**PARTIES:**

26.      Shoom, Inc. is a Delaware Corporation with its principal place of business at 4640 Lankershim Blvd, Suite 511, North Hollywood, CA 91602.

-4-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

COMPLAINT FOR DECLARATORY JUDGEMENT AND DAMAGES

27.     Defendant Electronic Imaging Systems of America, Inc. ("eISA") is an Illinois corporation located at located at 2660 Hicks Road, Suite 405, Rolling Meadows, Ill 60008, with a with a Western Regional subsidiary located in San Diego, CA.

28.     Defendant John Metsig, an individual, is believed to be a resident of Barrington, Illinois.

29.     Defendant John Metsig frequently visits the San Francisco area to solicit business.

30.     Defendant John Metsig is the CEO of defendant eISA.

**I.     FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENT (DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201)**

31.     Plaintiff incorporates herein by reference, as though fully set forth at length, all allegations of Paragraphs 1 through 30 of the complaint.

32.     An actual and present controversy exists as defendants are attempting to market the '173 Patent by means to suggest that the plaintiff's methods of invoice production infringe upon the "173 Patent.

33.     Plaintiff has never infringed upon the '173 Patent.

34.     Defendants' misrepresentations of patent infringement have damaged plaintiff's business.

**II.     SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT OF INVALIDITY OF PATENT ( 35 U.S.C. § 101, 102, 103, 112)**

35.     Plaintiff incorporates herein by reference, as though fully set forth at length, all allegations of Paragraphs 1 through 34 of the complaint.

36.     The '173 Patent is invalid under 35 U.S.C. 101 for lack of utility.

-5-

COMPLAINT FOR DECLARATORY JUDGEMENT AND DAMAGES

37.     The '173 Patent is invalid under 35 U.S.C. 102 as defendants' alleged invention was known by others.

38.     The '173 Patent is invalid under 35 U.S.C. 103 for failure to consist of non-obvious subject matter.

39.     The '173 Patent is invalid under 35 U.S.C. 112 for failure to contain a written specification to enable any person skilled in the art to make the defendants' alleged invention.

**III.     THIRD CAUSE OF ACTION FOR FALSE AND MISLEADING STATEMENTS AND UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et seq*.**

40.     Plaintiff incorporates herein by reference, as though fully set forth at length, all allegations of Paragraphs 1 through 39 of the complaint.

41.     Defendants have made false and misleading statements in advertising the AD/STAT System.

42.     Defendants have attempted to market the '173 Patent by suggesting that the plaintiff's methods of business infringe upon the '173 Patent.

43.     Defendants have falsely advertised the AD/STAT System by, *inter alia,* falsely marking the AD/STAT System as protected by the '173 Patent, as shown on Exhibit 1 to this complaint.

44.     Defendants have falsely advertised the '173 Patent as having an "Insert Order" component, as shown on Exhibit 1, when the '173 Patent does not disclose an "Insert Order" component.

45.     Defendants have falsely advertised the '173 Patent as the '173 Patent fails to disclose the AD/STAT System as advertised in Exhibit 1.

**IV.     FOURTH CAUSE OF ACTION FOR FALSE PATENT MARKING (35 U.S.C. 292)**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle
Suite 212
Larkspur, CA 94939
Telephone: (415) 461-2700 Facsimile: (415) 461-2726

COMPLAINT FOR DECLARATORY JUDGEMENT AND
DAMAGES

46.      Plaintiff incorporates herein by reference, as though fully set forth at length, all allegations of Paragraphs 1 through 45 of the complaint.

47.      Plaintiffs have marketed the AD/STAT System as patented under the '173 Patent, as shown in Exhibit 1.

48.      The AD/STAT System is marketed as having an "Insert Order" component as shown in Exhibit 1.

49.      The '173 Patent does not disclose an "Insert Order" component.

50.      The AD/STAT System is falsely marked as patented in violation of 35 U.S.C. 292.

**PRAYER FOR RELIEF**

51.      Plaintiff prays for relief as follows:

52.      For an order declaring that plaintiff has not infringed upon the '173 Patent;

53.      For an order declaring the '173 Patent to be invalid;

54.      For monetary damages according to proof;

55.      For disgorgement of profits;

56.      For $500 for each instance of False Patent Marking pursuant to 35 U.S.C. 292;

57.       For attorneys' fees and costs;

58.      For interest; and

59.      For such further relief as the Court deems just and proper.

Dated:  August 24, 2005                    ALLMAN & NIELSEN, P.C.


By:  _Steven A. Nielsen_
                                           Steven A. Nielsen, Esq.
                                           Attorneys for Shoom, Inc.

-7-

COMPLAINT FOR DECLARATORY JUDGEMENT AND DAMAGES

**DEMAND FOR JURY TRIAL**

   Plaintiff Shoom, Inc. hereby demands a trial by jury.

Dated:  August 24, 2005                    ALLMAN & NIELSEN, P.C.


                                    By: _____
                                         Steven A. Nielsen, Esq.
                                         Attorneys for Shoom, Inc.

-8-

COMPLAINT FOR DECLARATORY JUDGEMENT AND
DAMAGES

# EXHIBIT 1

Defendants' AD/STAT System Advertisement



# The AD/STAT® System *

## The Original Electronic Tearsheet Solution®

Electronic Imaging Systems of America (eISA) introduces AD/STAT, the original system which allows you to electronically match a composed or digitized ad with its corresponding statement, insertion order _and_ the news page on which the ad is located! This unique process eliminates the need for costly, time-consuming manually created tearsheets—and provides instant access to statement and ad information.

For more information contact John Metsig at:

### 800-646-543I or jmetsig@eisaimage.com

- Instant retrieval of:
  - Statement
  - Insert Order
  - Ad
  - Ad Tearsheet
- Web-based and/or LAN/WAN
- E-delivery
- Proof of Ad delivery system

- Allows "auto-merge" and electronic printing and mailing
- Electronic format allows for easy re-printing, faxing or e-mailing
- Allows for optimum storage, security and disaster recovery
- WORKFLOW-compatible





Electronic Imaging Systems of America, Inc.
2260 Hicks Road, Suite 405 • Rolling Meadows, Illinois 60008 • P 847.590.0955 • F 847.590.7925
www.eisaimage.com

*U.S. Patent Number 6,505,173

# EXHIBIT 2

Defendants' Patent



## USPTO PATENT FULL-TEXT AND IMAGE DATABASE

Home    Quick    Advanced    Pat Num    Help

Bottom

View Cart    Add to Cart

Images

( 1 of 1 )

---

**United States Patent**                                                  *6,505,173*
Weibel ,  et al.                                                **January 7, 2003**

---

## Method for electronically merging digitized data system of generating billing statements for published advertising

### Abstract

A method of constructing a billing statement for publishing advertising or the like starts with digitizing the advertisement and the publication page the advertisement is on and assigning a unique identifier to at least the advertisement in an information header associated with the published image of the advertisement copy. The publication page may also be uniquely identified apart from the advertisement and contain reference to the advertisements thereon in its information header. An invoice is generated which searches at least the publication page database to find both the advertisement and page documents. The advertisement and page documents are copied and stored with the billing statement in a separate file where they are linked or merged into one document so that manual preparation of invoices with advertisement copy and tear sheets no longer need be done.

---

Inventors: **Weibel; Willard J.** (Malvern, PA); **Lopez; Maria Elena** (Hinsdale, IL); **Metsig; John** (Barrington, IL)
Assignee: **Electronic Imaging Systems of America, Inc.** (Rolling Meadows, IL)
Appl. No.: 418744
Filed: **October 15, 1999**

---

Current U.S. Class:                                           **705/34**; 705/30
Intern'l Class:                                              G06F 017/60
Field of Search:              705/27,10,2,3,30,34,40 455/406,408,407 348/114,118
                                                               707/104.1

---

### References Cited [Referenced By]

#### U.S. Patent Documents

| | | | |
|---|---|---|---|
| 6026368 | Feb., 2000 | Brown et al. | 705/14. |
| 6167382 | Dec., 2000 | Sparks et al. | 705/26. |

<u>6173271</u>                  Jan., 2001                  Goodman et al.                          705/40.

**Foreign Patent Documents**

745947              Dec., 1996            EP.
WO-97/24680         Jul., 1997            WO.

*Primary Examiner:* Hess; Douglas
*Assistant Examiner:* Gort; Elaine
*Attorney, Agent or Firm:* Pauley Petersen Kinne & Erickson

---

### *Parent Case Text*

---

This application claims benefit of Provisional Application 60/104,538 filed Oct. 16, 1998.

---

### *Claims*

---

We claim:

1. A method of constructing a billing statement for advertising customers placing advertisements in print publications, comprising:

a. creating a printed advertisement image on a printed publication page;

b. establishing a unique customer identifier for each customer;

c. creating a first digital document representing the printed advertisement image with a unique print advertisement identifier and associating the unique customer identifier with the unique print advertisement identifier;

d. creating a second digital document representing an image of the printed publication page containing the printed advertisement image and associating the second digital document with the unique print advertisement identifier;

e. creating a third digital document representing an invoice for the printed advertisement image including specifying an identifier range for invoiced print advertisements;

f. finding the first digital document by searching the unique customer identifier in a first database and copying the first digital document to an invoice database and listing each found first digital document as a line item on the invoice;

g. finding the second digital document and copying the second digital document to the invoice database; and

h. storing the first and second digital documents in a common file associated with the third digital document.

2. The method of claim 1 further including finding the second digital document by searching the unique

advertisement identifier.

3. The method of claim 1 further including finding the second digital document by searching the unique customer identifier.

4. The method of claim 1 including the further step of copying the first, second, and third digital documents to a removable storage medium.

5. The method of claim 1 including the further step of listing each advertisement identifier as a line item on the invoice document.

6. The method of claim 1 including the further step of displaying the first, second, and third digital documents in human readable format.

7. A method of constructing a billing statement for published advertisements comprising:

a. establishing a unique customer identifier for a customer to be billed;

b. creating a digital billing invoice document and associating the digital billing invoice document with the unique customer identifier and storing the digital billing invoice document in an invoice file;

c. creating a printed advertisement image on a printed publication page;

d. creating a digital advertisement document representing the printed advertisement image with a unique advertisement identifier and associating the unique customer identifier with the unique advertisement identifier and storing the digital advertisement document in an advertisement database;

e. creating a digital publication page representing the printed publication page, with the digital advertisement document thereon, and having a unique page identifier; and associating the unique page identifier with the unique advertisement identifier and storing the digital publication page document in a publication page database;

f. searching for digital advertisement documents in the advertisement database according to the customer identifier, identifying digital advertisement documents according to the customer identifier, and copying identified digital advertisement documents to the invoice file;

g. searching for digital publication pages associated with the digital advertisement documents in the publication page database and copying the associated digital publication pages to the invoice file; and

h. cross referencing the billing invoice, advertisement, and publication page digital documents in the invoice file.

8. The method of claim 7 including the further step of copying the billing invoice, advertisement, and publication page digital documents to a removable storage medium.

9. The method of claim 7 including the further step of listing each digital advertisement document as a line item on the invoice document.

10. The method of claim 9 including the further step of displaying the billing invoice, advertisement, and publication page digital documents in human readable format.

11. The method of claim 9 wherein the step of

creating the digital billing invoice document includes specifying an identifier range for the digital advertisement documents.

12. The method of claim 11 wherein the step of

specifying an identifier range further includes specifying a date range on which the digital advertisement documents were published in print.

---

## *Description*

---

## BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates to means for creating a billing statement automatically and digitally with attached advertising copy and the published page containing such advertising copy.

2. Discussion of Related Art

Publishers of periodicals and dailies derive significant revenue from printing advertisements in their publications. Traditionally, the method of billing the advertiser, or customer, for the publication of the customer's advertisement is to send a billing sheet, or statement, listing the date of publication, an advertisement identifier, and the charge for the advertisement. Along with each billing line item is included a copy of the advertisement and a copy of the actual page or pages on which the advertisement was published. These hard copies of the advertisements and page are often called tearsheets. The tearsheets were, in the past, manually created by persons who gathered the physical tearsheets and attached them to the billing statements, resulting in a great expenditure of labor. Also, the billing statement created in this way can become physically bulky and unnecessarily hard to handle and expensive to deliver to the customer.

Therefore, there exists a need to automate this billing process and digitize it to make for easier storage and delivery.

## SUMMARY OF THE INVENTION

The present invention provides for automated creation, and if desired, removable storage and delivery of billing statements for published advertisements. A method according to the present invention requires that the advertisement copy and the page on which it is published, if different, both be put in a digital document format such as tiff,jpeg or the like; and assigned unique customer, or advertiser, identifiers, such as serial numbers, identifying numbers, unique names, or the like associated with the document. The advertisement copy and the page may contain cross referenced indicators. For example, the information header on the advertisement copy may contain information on its page location, while the page document information header may contain information on each customer having an advertisement thereon.

The advertisement copy and page files of images and their associated information headers are created; whether by original composition on a digital publishing system or through later digitization by scanning

or the like; and stored in a first, or first and second publications searchable database. A billing statement application is then overlayed on or interfaced with the publications databases in order to match the unique identifiers of the customers in the statement application to the unique customer identifiers in the publications databases. A search and retrieve command is sent to identify each advertisement and its associated page, within a particular date range and for a particular publication, if the publication database file structure makes this necessary. Copies of the digital documents representing the published advertisement copy and its associated page are linked, or referenced, to the billing document line items and stored as files within the billing statement application.

The billing statement, with each associated advertisement copy and page image, may then be electronically accessed through the billing statement application and transmitted electronically or stored on removable digital storage media such as diskettes or CD-Roms as desired for permanent record and shipping to the customer.

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a billing statement document according to the present invention.

FIG. 2 illustrates a computer system for running a billing system according to the present invention.

FIG. 3 illustrates an advertisement, or ad copy, retrievable by the present invention.

FIG. 4 illustrates the publication page on which the advertisement copy appears.

FIG. 5 schematically illustrates the digital billing statement, or invoice of the present invention document.

FIG. 6 schematically illustrates the digital advertisement copy document and information statement.

FIG. 7 schematically illustrates the digital publication page containing the advertisement copy and an information header thereof

DESCRIPTION OF PREFERRED EMBODIMENTS

Referencing FIGS. 1 and 2, a billing statement template 10 is contained in the server of a computer system 12 within a billing statement application 14. The computer system 12 further contains a publication database 16 generally associated with an electronic publishing/composition application 13 for the digital construction of stories, text, pictures, advertisements, and the like making up a publication such as a newspaper or magazine.

As seen in FIG. 3, an advertisement image copy 18 comprising text, pictorial images, and the like; is contained in a digital advertisement document 20 which also contains an information header 22 containing a customer identifier, such as a unique name, number, or the like associated with the customer paying for the publication of the image copy 18.

Referencing FIG. 4, the advertisement image copy 18, when it is to be published, is digitally placed within a page site 24 of a publication, along with other images 26, text files 28, and the like which make up that page 24 of the publication. The page site 24 contains an information header 30 containing such information as the publication name, date, page number, document file identifiers, advertiser customer identifier listings, etc.

Referencing FIG. 5, the billing statement or invoice 10 has a customer identifier 32 which may be the same as a customer identifier 34 in the publication database 16 or the two customer identifiers may be cross referenced in the billing statement application 14.

Referencing FIG. 6, the digital advertisement document 20 contains an information header 22 with all relevant information such as the customer identifier 34 and an advertisement copy serial number 36 identifying the particular image 18 of the advertisement which is preferably a separate file within the advertisement document 20.

Referencing FIG. 7, the page site 24 is a document, or group of cross referenced documents, with an information header 30 detailing the publication number 38, the page number 40, publication date 42, and a list of the customers identifiers 44 for the advertisements placed on that page.

With the information headers as shown in FIGS. 6 and 7, a search and retrieve routine can be initiated from the billing statement application 14 for an individual customer by specifying a customer identifier and any qualifying ranges for the billing cycle such as a date range, publication volume numbers, etc. The customer identifiers may be cross matched as necessary between the billing statement application and the publishing application through the use of look up tables, a precompiled and referenced association table or the like. The search will then take place in the publication database either in the advertisement copy information headers database 46 or the page site information headers database 48, or both, depending on how the publication application has allotted the customer identifiers and linked the associated advertisement images between the advertisement copy database and the page site database. Each instance of a customer identifier number "hit", or retrieval, will have an associated advertisement copy number and data identifier associated therewith. Each instance of a customer's advertisement being published then is listed as a line item, logo 50, on the billing statement 10. Copies of the digital advertisement document 20 and the page site 24 are retrieved, cross referenced to the line items 50 and the billing statement 10, and stored in or with the billing statement application 14 and in addition may be printed to removable storage 52 or downloaded as by telephone line 54 to the customer's information systems (not shown).

While referred to as files, documents, and sites, it will be appreciated that there are myriad ways to cross reference, store, and process the relevant image blocks going into the advertisement copy and page site make up. The examples of the Preferred Embodiment are intended to be illustrative only and the invention herein is limited only by the appended claims.

* * * * *





FIG.1



FIG.2



FIG.3                              FIG.4



FIG.5



FIG.6                              FIG.7